IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Brian Somrek, <br><br> Plaintiff, <br><br> v. <br><br> Pilot Travel Centers, LLC, d/b/a Pilot Flying J, and Shields Facilities Maintenance LLC, <br><br> Defendants. | Case No. 3:20-cv-50506 <br><br> Honorable Iain D. Johnston |

**ORDER**

Federal courts are courts of limited jurisdiction, the scope of which is established by the Constitution and Congress. Federal court have an affirmative duty to *sua sponte* determine if jurisdiction exists. This Court—and all of the judges here—take this duty seriously. Counsel who practice in this Court should do so as well. When the Court questions jurisdiction, it is not being pedantic. Instead, the Court is fulfilling its duty. Having reviewed the docket and the various filings, the Court determines that it does not possess jurisdiction. The Court likely didn't have jurisdiction when the removal petition was filed; it doesn't have jurisdiction now; and if the Court were to address the pending motion to amended, Dkt. 48, it wouldn't in the future. A substantial amount of resources has been unnecessarily expended on the jurisdictional issue. This Court requests counsel to take jurisdictional issues seriously. Nothing is gained, but much is lost, when they don't do so. For future reference, this Court has an entire article on its home page that

1

addresses all of the jurisdictional problems at issue in this action. *See* https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/johnston/federaljurisdiction.pdf. For the reasons explained below, this case is remanded forthwith to the Seventeenth Circuit Court of Winnebago County, Illinois.

\* \* \*

On September 24, 2020, Plaintiff Brian Somrek filed this action in Illinois state court. He alleges that he sustained injuries from a slip and fall due to the negligence of Pilot Travel Centers LLC ("Pilot"). Dkt. 1. Pilot then removed this action to the United States District Court for the Northern District of Illinois, Eastern Division, and it was subsequently transferred here to the Western Division. Dkt. 10. The alleged basis for removal was diversity jurisdiction. Dkt. 1, at 2. On March 16, 2021, Somrek amended his complaint in this Court to add Defendant Shields Facilities Maintenance LLC ("Shields"), with whom Pilot contracted for removal of snow and ice from the parking lot in which he sustained his injuries. Dkt. 26, ¶¶ 23–30. On September 17, 2021, Somrek sought leave of Court to amend his complaint a second time to add Majestic as a defendant. Dkt. 48. According to Somrek, Majestic was subcontracted by Shields to perform the snow and ice removal from the location where he was allegedly injured. Dkt. 53. Shields admits that Majestic is a necessary party to this action. Dkt. 56.

Though the motion to add Majestic was unopposed, it raised concerns with Judge Schneider, the assigned magistrate judge. Dkt. 51. Somrek alleged that Majestic is a citizen of Illinois, and Judge Schneider correctly explained that adding

2

Majestic would destroy this Court's subject-matter jurisdiction under 28 U.S.C. § 1332. She further questioned the propriety of removal in the first place, noting that Pilot is an LLC. To properly allege the citizenship of an LLC, she continued, the removing defendant must explain the citizenship of each member of the LCC. If an LLC's member is also an LLC, then the removing party must also allege the citizenship of each member of that LLC. *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., L.L.C.*, 364 F.3d 858, 861 (7th Cir. 2004) ("Lind-Waldock is a limited liability company, which means that it is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC."). With this undeniably correct explanation, Judge Schneider ordered the parties to file position statements on how the Court should proceed. Dkt. 51.

In its position paper, Pilot explained that one of its members is FJM Investments LLC. Dkt. 52, ¶ 6. It further noted that FJM Investments is organized in Utah with its principal place of business also in Utah—notwithstanding the clear warning that such language does not properly allege the citizenship of an LLC. Somrek's position statement offered no insight. Dkt. 52. Because these position statements were unhelpful, Judge Schneider ordered the parties to supplement the statements. She again explained that the existing allegations regarding Pilot's citizenship were wholly insufficient. Dkt. 54. Her order was unambiguous.

Notwithstanding the abundantly clear nature of Judge Schneider's order, the parties offered no insight. The Court is without sufficient allegations regarding

3

Pilot's citizenship because Pilot has failed to inform the Court regarding the citizenship of one of its members—FJM Investments LLC.

On removal, the defendant bears the burden of establishing the jurisdiction in invokes. *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018) ("The party seeking removal bears the burden of establishing federal jurisdiction."). Pilot has failed to explain to this Court how removal was proper in the first instance. Given another opportunity to correct the error, Pilot again failed to assure the Court of its power to hear the case regardless of whether Majestic is added as a party. "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. ¶ 1447(c).

Moreover, the motion to amend and the parties' subsequent position statements make clear that remand is appropriate. "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). In *Schur*, the Seventh Circuit explained that district courts deciding which route to take should consider "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* Here, the motion to amend is not particularly early in the litigation. It was filed almost one year after Somrek first filed this action in state

4

court. Dkt. 48. Somrek explains, however, that he seeks to add Majestic as a defendant based on information he learned from Shields, who was not a party to this litigation until March 16, 2021. Dkt. 26; Dkt. 53, ¶ 9. Furthermore, Somrek's motivations in filing his motion appear genuine, and he would likely be disadvantaged if the Court denied his request. According to Somrek, Majestic was subcontracted by Shields to perform the snow and ice removal from the location where Somrek allegedly sustained his injuries. Dkt. 53, ¶ 9. And Defendant Shields concedes that Majestic is a necessary party. Dkt. 56, ¶ 8 ("Whether Majestic performed its work properly and in accordance with its contractual requirements are questions that require Majestic's participation in the litigation.").

So, not only have the parties' previous filings failed to establish jurisdiction, the Court's analysis of the currently pending motion further establishes that this case cannot proceed here. In other words, even if Pilot had assured the Court of its citizenship, the Court would have granted joinder and sent this case back to state court anyway based on the factors adopted in *Schur*.

Thus, the Court remands this action back to state court. The decision whether to allow further amendments can be addressed in state court.

Date: October 18, 2021

_____
Honorable Iain D. Johnston
United States District Judge